UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10974-DMG (JEMx)** | Date | January 15, 2020 |
| Title | *Monica Reyes v. Dunbar Armored, Inc., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

      On December 31, 2019, Defendants Dunbar Armored, Inc., Brink's Incorporated, and Virginia Fuentes filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Not. of Removal at 2 [Doc. # 1]. The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

      To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). Here, Plaintiff is allegedly a citizen of California, and Defendant Brink's, Incorporated alleges that it is not a citizen of California because it is a corporation organized under the laws of Delaware with a principal place of business in Virginia. Not. of Removal at 5. Defendant Dunbar Armored, Inc. allegedly merged with Brink's on September 30, 2019, but was previously incorporated under the laws of the State of Maryland and had its principal place of business in that state. *Id.*

      Neither the Notice of Removal nor Plaintiff's Complaint states the citizenship of Defendant Virginia Fuentes, and the Notice of Removal says that Fuentes is a non-diverse party. *Id.* at 6. Accordingly, the Notice of Removal fails to establish that complete diversity of citizenship exists.

      In light of the foregoing, Defendants are **ORDERED TO SHOW CAUSE** by no later than January 22, 2020 why this action should not be remanded to state court for lack of subject matter jurisdiction. **Failure to timely file a satisfactory response by this deadline will result**

**in the remand of this action.** Plaintiff shall file a reply, if any, by January 29, 2020. **Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**