| Case No. | **CV 19-10974 DMG (JEMx)** | Date | January 29, 2020 |
|---|---|---|---|

| Title | *Monica Reyes v. Dunbar Armored, Inc., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION, AND DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT [15]**

On January 15, 2020, the Court issued an Order to Show Cause ("OSC") why this case should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. [Doc. # 12.] On January 22, 2020, Defendants Brink's, Incorporated and Virginia Fuentes filed their response arguing that Plaintiff Monica Reyes, a citizen of California, improperly asserted two claims against Defendant Fuentes, a citizen of California, solely to defeat diversity jurisdiction in federal court, rendering Fuentes a "sham defendant." [Doc. # 14.]

In an attempt to circumvent the 10-page response requested by the Court, Plaintiff filed a 24-page Motion to Remand ("MTR") and a supporting declaration by Plaintiff's attorney. [Doc. ## 15, 15-1.] To streamline this process and conserve the resources of this Court and all parties, the Court construes the MTR as Plaintiff's reply to Defendants' response to the OSC and considers only 10 pages of Plaintiff's MTR, from page 13 to page 23.

"It is . . . commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Defendants argue that the Complaint fails to state claims against Fuentes, Plaintiff's former supervisor, for whistleblower retaliation in violation of California Labor Code section 1102.5 and for intentional infliction of emotional distress ("IIED"). Defendants assert that the Labor Code section 1102.5 claim does not provide for individual liability for employees acting on behalf of their employers, and that an IIED claim based solely on an employer's alleged

"personnel activity" is barred because California's Workers' Compensation Act provides the exclusive remedy. Defs.' Response at 3-7 [Doc. # 14].

Defendants must show, however, that "there is *no possibility* that the plaintiff could prevail on any cause of action [she] brought against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citation omitted) (emphasis added). "Fraudulent joinder must be proven by clear and convincing evidence," and "there is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Furthermore, "[a] defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

Here, while Defendants are correct that numerous courts have found that Labor Code section 1102.5 does not impose individual liability on supervisors, *see* Defs.' response at 4, Plaintiff also correctly observes that the 2014 amendment to section 1102.5 specifically adds that "any person acting on behalf of the employer" is prohibited from retaliating against a whistleblower, *see* MTR at 17-18. Other courts evaluating potential fraudulent joinder have determined that "there is at the very least ambiguity as to whether § 1102.5 permits individual liability—an uncertainty that ought to be resolved in favor of Plaintiff." *Jackson v. Dollar Tree Distribution, Inc.*, No. CV 18-2302 PSG (SKx), 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018) (citing *Lewis v. Wells Fargo Bank, N.A.*, No. LA CV 16-7377 PA (RAOx), 2016 WL 7107760, at *2–3 (C.D. Cal. Dec. 5, 2016); *De La Torre v. Progress Rail Servs. Corp.*, No. CV 15-4526 FMO (GJSx), 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015)).

Because ambiguity exists as to whether a section 1102.5 claim can be properly asserted against Fuentes and the Court must resolve any doubt *against* removability, the Court concludes that Fuentes is not a sham defendant. Because Fuentes is a non-diverse defendant, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court need not decide whether the IIED claim is sufficiently pled or is barred by the Workers' Compensation Act.

In light of the foregoing, the OSC is **DISCHARGED**, and this action is hereby **REMANDED** to the Los Angeles County Superior Court. Plaintiff's MTR is **DENIED as moot**. Defendants' pending motion to dismiss [Doc. # 8] is **DENIED without prejudice**. All dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**